The opinion of the Court was delivered by
Nott, J.
This question may be considered in a two-fold point of view:
1. Whether evidence of plaintiff’s character, generally, is admissible, without regard to the particular nature of the offence with which he is charged ? And,
2. If that is not to be allowed, whether such evidence may be given, so far as regards his character in that respect, in particular ?
It is a little remarkable that such a question should have remained so long undecided in our Courts; and it is not less so, that so little is to be found on the subject in the English books. Enough, however, is to be to satisfy my mind that, upon both principle and authority, such testimony ought to be allowed.
It seems to be a rule of law, that what a party cannot p>lead by way of justification, he may give in evidence by way of mitigation. Buffer, 298 ; Phillips, 189 ; and it is admitted, that this matter cannot be jffeaded by way of justification.
I consider it also to be a rule of law, that character may be given in evidence where it is directly in issue, and I can conceive no case where it is in issue, if it be not in an action of slander.
In every action at law, the object is to recover reparation for some injury sustained. And, where the injury is to property, the value of the article is the principal object of inquiry. And I can see no good reason why the value of character may not be investigated, as well as that of any other commodity, when the reparation of character is the object of this suit. In other personal actions, such as false imprisonment, assault and battery, and the like, the actual injury sustained, although not the only rule by whichAamages are to be estimated, always constitutes a necessary ingredient in the question ; and it would seem reasonable that the same rule should apply in an action of slander, as in other personal actions. A plaintiff is permitted to give his good character in evidence, by way of enhancing the damages, and, upon the principle of reciprocity, the defendant ought to be permitted to prove the contrary.
If we consider the case upon authority, we are led to the same conclusion. The whole current of American cases, I may almost say, goes to support this opinion. (Larned v. Buffinton, 3 Massachusetts T. R. 546; Do. 552; Kennedy v. Gregory, 1 Binney, 90; Pennington, N. J. 169; 1 Root, 354, 459; 2 do. 148.) In New York, the Court was divided. Foot v. Tracy, 1 John. Rep. 46. But the late Chief Justice Kent and the present Chief Justice Thompson thought such evidence ought to be received.
These decisions, however, are thought to be innovations* on the common law. But I have not been able to find any thing in the English books to authorize such an opinion. On the contrary, the same principle seems deducible from all the cases that I have seen on the subject. The common law is said to be the perfection of reason. Nothing therefore can be law that is inconsistent with reason ; and can any thing be more unreasonable than that a person who has been guilty of every *163 offence in the catalogue of crimes, (except that of which he is accused,- and perhaps of that, though the proof cannot be obtained,) should be entitled to the same damages in an action of slander, as a person of the highest honor and 'integrity ? The limited sphere of action in which many persons move, may screen them from the temptation, or not afford an opportunity, to commit some of the crimes for which others are notorious. Thus, for instance, a person destitute of every moral principle, may never have had the opportunity to commit perjury. Should such an one, upon his first being called upon to give evidence, be accused of perjury, would it not be permitted to show, that, from his general bad character, he might be considered a fit instrument of any vice ? Is he to appear in Court without spot or blemish, merely because he had not been before suspected of that particular crime ?
It is said it would be taking a person by surprise thus to permit an inquiry into his character. But if the character of a witness who is called upon in Court and compelled to give evidence without any previous notice, is not shielded from such an attack, how much less ought a party, who has voluntarily brought his character into Court, claim such an exemption ? He commences with stating that he is a person of good name, fame, and reputation, and he ought to be prepared to prove that allegation. A person is presumed to be always prepared to defend his general character’, if he has a good one; if he has not, it ought to be exposed. I do not mean to say that evidence of a particular defect in a person’s character, distinct from the particular charge made against him, is allowable. As for instance,* where a person is accused of stealing, to prove by way of mitigation that he had committed murder, or that he was a drunkard or a gambler : But the evidence must go to show, that his character is so bad that he might well be suspected of the particular offence charged, and could not be injured by the report. In an action for a malicious prosecution, evidence of the general bad character of the plaintiff may be given. Phillips’ Evid. 140.
In the case of the Earl of Leicester v. Walter, 2 Camp. N. P. C. 251, Sir James Mansfield, C. J., observes, it has been decided in several cases, that if you do not justify, you may give any thing in evidence to mitigate the damages, though not to prove the truth of the charge, and, therefore, evidence to prove that plaintiff’s character was as bad before as after the slander, must be admitted. It is not pretended that such evidence is a justification. It may not always mitigate, apd indeed may sometimes aggravate the slander; as where a person resuscitates a stale suspicion, which had been forgotten or removed by the subsequent good conduct of the party. But these are considerations for the jury, when the evidence is before them.
2. On the second question, I apprehend there can be no doubt. A person may prove, in mitigation of damages, such facts and circumstances as show a ground of suspicion, not amounting to actual proof of plaintiff’s guilt. Noble v. Fuller, 2 Camp. N. P. C. 253; Peake, 3d ed. XCII. In a ease of crim. con. Lord Kenyon went so far as to hold that the notorious, undisguised infidelity of the husband was a complete bar to the action; Wyndham v. Lord Wycombe, 4 Esp. N P. C. 16; and it certainly is admissible in mitigation of damages; Bromly v. Wallace, Ib. 237. In the case of Leicester v. Walter, above quoted, tho *164 defendant was allowed to show that before and at the time of the publication of the supposed libel, the plaintiff was generally suspected of the crime imputed to him, and that his friends had ceased to associate with him on that account.
*In every point of view, I am of opinion, the testimony ought to be allowed, and therefore a new trial must be granted.
Justices Colcock and Johnson concurred.